UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUSSELL GOOCH, as the Personal Representative of the Estate of DORCUS GOOCH, Deceased <br><br> v. <br><br> DIVERSICARE NORMANDY TERRACE, LLC d/b/a NORMANDY TERRACE HEALTHCARE AND REHABILITATION CENTER | § § § § § § § § § § § <br><br> NO: SA: 16-CV-00496-OLG |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, RUSSELL GOOCH, as the Personal Representative of the Estate of Dorcus Gooch, Deceased, Plaintiff, complaining of DIVERSICARE NORMANDY TERRACE, LLC d/b/a NORMANDY TERRACE HEALTHCARE AND REHABILITATION CENTER, and STANISLAV IVANOV, M.D., Defendants herein, and for cause of action show:

1. This is a survival action arising from nursing home negligence.

## PARTIES

2. Plaintiff, RUSSELL GOOCH, is a resident of San Antonio, Bexar County, Texas.

3. Defendant, DIVERSICARE NORMANDY TERRACE, LLC d/b/a NORMANDY TERRACE HEALTHCARE AND REHABILITATION CENTER (hereinafter "Normandy Terrace"), filed an Answer and made a general appearance in Cause No. 2016-CI-07424 in the 166th Judicial District Court of Bexar County Texas on May 26, 2016, and filed a Notice of Removal to this Court on June 2, 2016, on the basis of diversity of citizenship.

**EXHIBIT A**

4.     Defendant, STANISLAV IVANOV, M.D. (hereinafter "Dr. Ivanov") is a physician licensed to practice in the state of Texas who also resides in Bexar County, Texas. His attorney, Lisa Rocheleau of Boone, Rocheleau & Rodriguez, P.L.L.C., is authorized to accept service on Dr. Ivanov's behalf and has agreed to accept service.

## VENUE AND JURISDICTION

5.     The causes of action arose in Bexar County, so venue properly lies in Bexar County, Texas pursuant to Section 15.001 et seq., Tex. Civ. Prac. & Rem. Code.

6.     Contemporaneous with the filing of this Amended Complaint, Plaintiff is filing a Motion to Remand, pursuant to 28 U.S.C. §1447(c).  The proper joinder and service of Dr. Ivanov, a citizen of the State of Texas and resident of Bexar County, Texas, as a defendant herein, defeats diversity of citizenship jurisdiction, pursuant to 28 U.S.C. §1441(b)(2).

7.     Plaintiff is prohibited by Tex. Civ. Prac. & Rem. Code §74.053 from specifying the amount claimed in damages. As such, Plaintiff is not required to meet the requirements of newly amended Tex. R. Civ. Proc. 47(c) and hereby informs the Court and Defendant that, pursuant to Tex. R. Civ. Proc. 169(a)(2), the expedited actions process does not apply to a suit in which a party had filed a claim governed by Chapter 74 of the Civil Practice & Remedies Code.

## PARTIAL IDENTIFICATION NUMBERS

8.     Pursuant to TEX. CIV. PRAC. & REM. CODE §30.014, Plaintiff provides the following information:

| Plaintiff | DL# | SSN |
|---|---|---|
| RUSSELL GOOCH | TX 120 | 791 |

**FACTS**

9. Dorcus Gooch was 75 years old when she was admitted to Normandy Terrace on May 9, 2014, for dementia with psychotic features and rehabilitation for weakness and chronic disability. Ms. Gooch was known by the nursing staff to be bed/chair bound, severely cognitively impaired, have a history of falls and, therefore, at high risk for falls.

10. Ms. Gooch suffered *at least* ten documented falls at Normandy Terrace on the following dates: June 5, 2014; June 13, 2014; June 21, 2014; June 24, 2014; June 27, 2014; July 4, 2014; July 11, 2014; October 13, 2014; November 8, 2014; and January 3, 2015.

11. The nursing staff at Normandy Terrace informed Dr. Ivanov and/or his nurse practitioner, about each one of Ms. Gooch's falls, with the possible exception of the fall-related incidents on June 21, 2014, July 4, 2014, and October 13, 2014.

12. On June 5, 2014, at 7:10 p.m., Ms. Gooch suffered an unwitnessed fall in her room. She was found lying on the floor, next to her bed. She hit her head in the fall, as evidenced by a 3cm red mark on her forehead. The nursing staff of Normandy Terrace called Dr. Ivanov, who ordered the transfer of Ms. Gooch to Mission Trails Hospital.

13. On June 13, 2014, at 3:17 a.m., Ms. Gooch suffered an unwitnessed fall in her room. She was found lying on the floor, next to her nightstand. The nursing staff at Normandy Terrace informed Dr. Ivanov of the fall by fax at 4:00 a.m. Fortunately, there were no apparent injuries.

14. On June 21, 2014, at 10:19 p.m., Ms. Gooch suffered an unwitnessed fall in her room. She was found on the floor between her wheelchair and her bed. She hit her head in the fall, as evidenced by a small abrasion on the upper side of her left forehead. There is no indication that the nursing staff of Normandy Terrace informed Dr. Ivanov of this fall.

15. On June 24, 2014, at 9:00 a.m., Ms. Gooch suffered an unwitnessed fall in the dining room. She was found sitting in front of her wheelchair and stated, "I slid from the chair." She suffered a skin tear to her right forearm in the fall. The nursing staff at Normandy Terrace informed Dr. Ivanov's nurse practitioner of the fall.

16. On June 27, 2014, at 8:30 p.m., Ms. Gooch suffered an unwitnessed fall in the dining room. She was found on the floor lying on her right side. The nursing staff at Normandy Terrace left a message with Dr. Ivanov's exchange regarding the fall. Fortunately, there were no apparent injuries.

17. On July 4, 2014, at 10:00 a.m., Ms. Gooch suffered a witnessed fall in her room. She attempted to stand without assistance, took a step, lost her balance, and fell on her buttocks on the floor mat next to her bed. There is no indication that the nursing staff of Normandy Terrace informed Dr. Ivanov of this fall. Fortunately, there were no apparent injuries.

18. On July 11, 2014, at 8:00 p.m., Ms. Gooch suffered an unwitnessed fall. She was found sitting on her buttocks at the nurse's station. The nursing staff at Normandy Terrace left a message with Dr. Ivanov's exchange regarding the fall. Fortunately, there were no apparent injuries.

19. On October 13, 2014, at 7:21 p.m., Ms. Gooch suffered an unwitnessed fall in the dining room. She was found crawling under the dining table. There is no indication that the nursing staff of Normandy Terrace informed Dr. Ivanov of this fall. Fortunately, there were no apparent injuries.

20. On November 8, 2015, at 3:30 p.m., Ms. Gooch suffered a witnessed fall during a transfer. The nursing staff documented that, as Ms. Gooch attempted to transfer herself from her wheelchair, "both feet twisted on themselves, [and she] fell onto bottom and onto right side of

body." The nursing staff of Normandy Terrace called Dr. Ivanov regarding this fall. The call was returned by Dr. Ivanov's nurse practitioner, who ordered a series of x-rays. Fortunately, the x-rays did not reveal any fractures.

21. On January 3, 2015, at 1:30 a.m., Ms. Gooch suffered an unwitnessed fall in the dining room. She was found on the floor, having fallen on the right side of her body. She hit her head on another patient's wheelchair, and had an abrasion on the top of her forehead. In addition, she complained of pain in her right upper and lower extremities. The nursing staff at Normandy Terrace called Dr. Ivanov, who ordered x-rays. The x-rays revealed a fracture to the right femoral trochanter region. Dr. Ivanov's nurse practitioner ordered for Ms. Gooch to be transferred to the hospital.

22. Ms. Gooch was transferred to Mission Trails Baptist Hospital, where she underwent a closed reduction intramedullary nailing of her right hip. She was transferred back to Normandy Terrace on January 9, 2015.

23. Ms. Gooch died of unrelated causes on June 30, 2015.

## CAUSES OF ACTION

24. Plaintiff brings a survival cause of action against Defendants, pursuant to Tex. Civ. Prac. & Rem. Code §71.021.

25. The Defendants owed a duty of care to Ms. Gooch to keep her safe and free from harm. The Defendants failed in this duty and, as a consequence, Ms. Gooch suffered injuries and damages.

26. <u>Negligence of Normandy Terrace</u>. Ms. Gooch suffered at least ten falls in eight months between May 9, 2014 and January 3, 2015. Normandy Terrace, acting by and through its nursing department staff, in the course and scope of their employment, negligently failed to

provide adequate care to Ms. Gooch to protect and safeguard her from injuries related to falls.  On January 3, 2015, Ms. Gooch suffered disability associated with a fall within a facility – which Medicare has classified as a "Serious Reportable Adverse Event" or "Never Event."  The negligence of Normandy Terrace was a proximate cause of the injuries and damages suffered by Ms. Gooch.

27. <u>Negligence of Dr. Ivanov</u>.  Dr. Ivanov knew, or should have known, that Ms. Gooch suffered at least ten falls in eight months between May 9, 2014 and January 3, 2015.  The nursing staff at Normandy Terrace contacted Dr. Ivanov directly following at least seven of the ten falls.  And yet, Dr. Ivanov failed to provide adequate care to Ms. Gooch to protect and safeguard her from injuries related to falls.  Had Dr. Ivanov adequately assessed Ms. Gooch and ordered Normandy Terrace to implement adequate fall precautions to protect and safeguard Ms. Gooch, particularly after *so many* falls, she likely would not have fallen and suffered a fractured right hip on January 3, 2015.  The negligence of Dr. Ivanov was a proximate cause of the injuries and damages suffered by Ms. Gooch.

## NOTICE OF CLAIM

29. Plaintiff sent Notice of Health Care Liability Claim to Defendant Normandy Terrace Healthcare and Rehabilitation Center *via* United States Postal Service Certified Mail, Return Receipt Requested, pursuant to Chapter 74.051-74.052 of the Texas Civil Practice & Remedies Code, on April 29, 2016.

30. Plaintiff did not send Notice of Health Care Liability Claim to Defendant Dr. Ivanov.

## DAMAGES

31. The damages proximately caused by the negligence of the Defendants, jointly and severally, for which Plaintiff sues, include:

    a. medical and hospital expenses incurred in connection with the care and treatment of Dorcus Gooch;

    b. conscious physical pain, suffering and mental anguish of Dorcus Gooch;

    c. physical impairment sustained by Dorcus Gooch; and

    d. all such other damages permitted by law.

## JURY DEMAND

32. Plaintiff demands a trial by jury and has paid the requisite jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant, STANISLAV IVANOV, M.D. appear and answer herein and that, upon full jury trial, Plaintiff have judgment against Defendants, DIVERSICARE NORMANDY TERRACE, LLC d/b/a NORMANDY TERRACE HEALTHCARE AND REHABILITATION CENTER and STANISLAV IVANOV, M.D., as alleged, together with pre- and post-judgment interest, costs of Court, and for such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

LAW OFFICES OF GLENN W. CUNNINGHAM
14100 San Pedro Ave., Suite 550
San Antonio, Texas 78232
Telephone: (210) 228-0600
Telecopier: (210) 228-0602
glenn@cunninghamfirm.com

      */s/ Glenn W. Cunningham*
By: _____
      GLENN W. CUNNINGHAM
      State Bar No. 05236500
      Federal ID No. 395738
      ***Attorney for Plaintiff Russell Gooch***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 22, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to each counsel of record listed below.  In addition, I served each counsel with the foregoing via facsimile.

*Via Facsimile to 210.226.1544 and Electronic Service*
Stephen R. Darling
Thomas A. Cowen
Hoblit Darling Ralls Hernandez & Hudlow LLP
Bank of America Plaza
300 Convent, Suite 1450
San Antonio, TX 78205

*Via Facsimile to 210.477.7488*
Lisa Rocheleau
Boone, Rocheleau & Rodriguez, PLLC
10101 Reunion Place, Suite 600
San Antonio, TX 78231

                                                     */s/ Glenn W. Cunningham*
                              By:   _____
                                                 Glenn W. Cunningham